## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION FOR THE
GALLUP-MCKINLEY COUNTY SCHOOLS,

    Plaintiff,

  v.           No. 1:25-CV-00762

ANDREA R. LUCAS, in her official capacity
as Acting Chair of the U.S. Equal Employment
Opportunity Commission and U.S. EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION,

    Defendants.

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**COMES NOW**, the Board of Education of the Gallup-McKinley County Schools (hereinafter "School District"), by and through its counsel of record, Himes, Petrarca & Fester, Chtd. (Andrew M. Sanchez), and for its Complaint for Declaratory and Injunctive Relief against Defendants, Andrea R. Lucas, in her official capacity as Acting Chair, the United States Equal Employment Opportunity Commission (the "Commissioner") and the U.S. Equal Opportunity Commission (the "Commission" or "EEOC"). In support therefor, Plaintiff states as follows:

### INTRODUCTION

This case concerns a federal agency's disregard of Congress' carefully crafted statutory limitations on its investigative powers. It appears that on or about August 21, 2024, Andrea Lucas, a Commissioner of the United States Equal Employment Opportunity Commission, acted contrary to law and contrary to the EEOC's own regulations in submitting a Charge of Discrimination (the "Charge") against the School District. *See* Exhibit 1. Even though the School District requested

more factual information that should have been included in the Statement of Harm within the Charge of Discrimination in order to have adequate notice of the charges under due process and thereby gain the ability to respond to the charges (*see* Exhibit 2), the Area Director for the EEOC Office denied the School District's request for the information upon which the Charge is based (*see* Exhibit 3), and the EEOC has now subpoenaed School District officials for testimony (*see* Exhibit 4) and has demanded the production of confidential employee and applicant information spanning five (5) years without regard to privacy interests (*see* Exhibit 5).  This agency action has all the characteristics of a fishing expedition that would not be permitted in any legal action before this Court even it were based on a legally adequate complaint.

As set forth below in this Complaint, the EEOC's ongoing investigation based on an overly broad and vague statements of harm and is depriving the New Mexico Human Right Bureau ("HRB") of its jurisdiction, and it constitutes an unlawful agency action that is so prejudicial to the School District as to bar the EEOC from acting at all in the future under Title VII and the Administrative Procedures Act.

In support of the claims, Plaintiff further avers as follows:

## PARTIES

1.      The Plaintiff School District is governed by the Board of Education, who is the governing body of the Gallup-McKinley County Schools, and the School District is a political subdivision of the State of New Mexico created for the administration of public schools in and around Gallup, New Mexico and within the County of McKinley, New Mexico, as set forth under N.M. Stat. Ann. § 22-1-2(R) (2003).

2.      The Board of Education is a legal entity with the capacity to sue under State law.

3.      In this cause of action, the School District is being denied due process by illegal agency action outside of its statutory authority, and the privacy interests of its employees and applicants are being threatened by agency action to obtain personal data on each individual without justification or authority.

4.      Defendant Andrea Lucas is the Acting Chair of the U.S. Equal Employment Opportunity Commission and, as such, is charged by statute with the administration of federal legislation related to employment.  She is sued in her official capacity only.

5.      Defendant U.S. Equal Employment Opportunity Commission is a federal commission headquartered in Washington, DC, at 131 M Street, N.E., Washington, DC 20507.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this cause of action because the claims arise under the laws of the United States, *see* 28 U.S.C. § 1331, and because Defendants are United States officials, *see* 28 U.S.C. § 1346(a)(2), and 5 U.S.C. § 702 (final agency action). This Court may issue a declaratory judgment and award further relief pursuant to 28 U.S.C. §§ 2201-2202 and RULE 57 and RULE 65 of the FEDERAL RULES OF CIVIL PROCEDURE.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), (e)(1), because Defendants are agencies of the United States and/or officers of the United States acting in their official capacities, a substantial part of the events or omissions giving rise to the claims herein occurred in this District, and the Plaintiff School District operates in this District.

8.      This Court is authorized to vacate and set aside the investigative actions by the Defendants under 5 U.S.C. § 706(2).

9.      Sovereign immunity for non-monetary relief is waived by 5 U.S.C. § 702.

## MATERIAL FACTS

10.    Congress created the EEOC in the passage of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-4, and the Supreme Court held that the EEOC is "central to the federal policy of prohibiting wrongful discrimination in the Nation's workplaces and in all sectors of economic endeavor." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013).

11.    Like all agencies, the EEOC "has no power to act … unless and until Congress confers power upon it." *La. Pub. Serv. Comm'n v. FCC,* 476 U.S. 355, 374 (1986).

12.    The Commission and the Supreme Court have acknowledged that "Congress strongly encouraged employers … to act on a voluntary basis to modify employment practices and systems which constituted barriers to equal employment opportunity." *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 515–16 (1986) (quoting 29 C.F.R. § 1608.1(b)).

13.    President Trump appointed Defendant Lucas to be the Acting Chair of the EEOC, and she has since used the EEOC to prohibit private employers from supporting any and all initiatives relating or pertaining to social policies that President Trump opposed during his political campaigns, including "diversity, equity, and inclusion" or "DEI" and gender ideology.  She has also focused her agenda for the EEOC on perceived religious discrimination at work.  *See* https://www.dailysignal.com/2025/06/13/two-ways-to-make-the-eeoc-great-again/.

14.    Juxtaposed against Defendant's open agenda, Defendant Lucas filed the current Charge of Discrimination against a public school district in which the vast majority of its students and its employees are Native American, asserting broad and vague claims without any factual support of systemic discrimination toward Native Americans.

15.    Defendant Lucas, acting contrary to the authority granted to the EEOC by Congress has initiated an investigation of the School District—not to remedy any wrongs but to search for

issues without any evidence to trigger such an intrusion on the employer or its employees and applicants.

16.     Congress carefully limited the EEOC's investigative authority, providing that "the Commission's power to conduct an investigation can be exercised only after a specific charge has been filed in writing."  *EEOC v. Shell Oil Co.*, 466 U.S. 54, 64 (1984), *quoting* 110 Cong. Rec. 7214 (1964)); *see* 42 U.S.C. §§ 2000e-5(b), 2000e-8(a).

17.     In order to protect both employers' and workers' privacy, Congress imposed strict confidentiality requirements on those charges and investigations, as well as on efforts to obtain voluntary compliance.  42 U.S.C. §§ 2000e-5(b), 2000e-8(e).

18.     It also required the Commission to act through a quorum of three or more Commissioners, not a single agency head. 42 U.S.C. § 2000e-4(a).

19.     Since President Trump removed Commissioners Jocelyn Samuels and Charlotte Burrows on January 27, 2025, the Commission has had only two Commissioners and therefore has lacked a quorum.

20.     There is no explanation, however, as to how or why one of only two of the EEOC's Commissioners is now relying on a clearly untimely, in part, Charge and only general and conclusory allegations that any Title VII liability can be ascribed to the School District when the remedial purposes of Title VII have not even been attempted in this case.

21.     Pursuant to Title VII, at 42 U.S.C § 2000e-5(d), in a charge of discrimination filed by a Commissioner, the "Commission shall, before taking any action with respect to such charge, notify the appropriate State or local officials and, upon request, afford them a reasonable time, **but not less than sixty days** …, unless a shorter period is requested, to act under such State or local law to remedy the practice alleged." (emphasis added).

22.    "The Commission will notify a FEP agency when an allegation of discrimination is made by a member of the Commission concerning an employment practice occurring within the jurisdiction of the FEP agency.  The FEP agency will be entitled to process the charge exclusively for a period of not less than 60 days if the FEP agency makes a written request to the Commission within 10 days of receiving notice that the allegation has been filed."  29 C.F.R. § 1601.13(e).

23.    The charge remains exclusively within the State agency's jurisdiction until such time as a triggering event allows the EEOC to gain jurisdiction.  *See Bagley v. Yale Univ.*, 42 F. Supp. 3d 332, 340 (D. Conn. 2014), *citing Doe v. Odili Technologies, Inc.,* 1997 WL 317316 (D. Conn. May 25, 1997).

24.    The EEOC's Notice of the Charge of Discrimination to the School District was issued on August 23, 2024, just two (2) days after the Commissioner issued the Charge of Discrimination. *See,* Exhibit 6.  As such, the EEOC violated Title VII and its own regulations, requiring that this matter be dismissed immediately for lack of jurisdiction.

25.    The Statement of Harm from Charge of Discrimination submitted by Defendant Lucas is overly broad and vague, and it can only be taken to apply to each and every employment action taken by the School District regarding all prospective applicants and all current and former employees of the School District over the span of five (5) years.

26.    The actions by the EEOC are based on vague, conclusory and general statements of harm applicable to all Native American applicants and employees over a five-year period that is contrary to fair play and due process.  "An EEOC charge 'must be sufficiently descriptive to put the employer on notice of the activity complained of and give the EEOC an opportunity to secure voluntary compliance.'"  *Equal Emp. Opportunity Comm'n v. AOD Ventures, Inc.*, 2022 WL 4367199, at *5 (E.D. Tex. Mar. 31, 2022), *quoting Owens v. Dall. Cnty. Cmty. Coll. Dist.*, 793

F.App'x 298, 301 (5th Cir. 2019) (*per curiam*) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970)).

27.    The EEOC's own regulations provide that "(a) Each charge should contain the following: … (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices …."  29 C.F.R. § 1601.12(a)(3).

28.    As authorized by Congress in Section 706(b), the EEOC has also adopted regulations and accompanying forms specific to the charge process. There is a charge form, *Charge of Discrimination*, U.S. Equal Emp. Opportunity Comm'n (2022), https://www.eeoc.gov/sites/default/files/migrated_files/eeoc/foia/forms/form_5.pdf [https://perma.cc/7XUL-F9C7], and the person making the charge, including a Commissioner, must make the charge in writing, sign and verify it. 29 C.F.R. §§ 1601.07-11.

29.    Regarding charges that arise from a Commissioner's own initiative, the EEOC webpage states, "Commissioner charges that arise from a Commissioner's own initiative are typically reviewed by the Office of Field Programs (OFP) and subsequently signed by that Commissioner.  OFP then assigns the signed charge to an appropriate field office to investigate." *Id.*  Commissioner's charges are subject to the same procedures and confidentiality rules as other charges. *See, e.g.*, 42 U.S.C. § 2000e-5(b).

30.    This information is absolutely essential to any meaningful investigation by the EEOC as described in its own regulations by which "(b) As part of the Commission's investigation, the Commission may require the person claiming to be aggrieved to provide a statement which includes: (1) A statement of each specific harm that the person has suffered and the date on which each harm occurred; (2) For each harm, a statement specifying the act, policy or practice which is alleged to be unlawful; (3) For each act, policy, or practice alleged to have harmed the person

claiming to be aggrieved, a statement of the facts which lead the person claiming to be aggrieved to believe that the act, policy or practice is discriminatory."  29 C.F.R. § 1601.15(b)(1)-(3).

31.     As such, "the EEOC's investigative authority is tied to charges filed with the Commission; unlike other federal agencies that possess plenary authority to demand to see records relevant to matters within their jurisdiction, the EEOC is entitled to access only to evidence 'relevant to the charge under investigation.'"  *U.S. Equal Emp. Opportunity Comm'n v. Kaiser Found. Hosps.*, 2019 WL 7494905, at *3 (C.D. Cal. Dec. 11, 2019), *report and recommendation adopted*, 2020 WL 70885 (C.D. Cal. Jan. 3, 2020), *quoting* 42 U.S.C. § 2000e–8(a).

32.     The Charge of Discrimination is so ambiguous and overbroad that it renders it impossible for the School District to address the Charge in any meaningful way to Defendants.

33.     While a complainant need not describe every factual detail of his or her claim, the complainant cannot file "a vague or circumscribed EEOC charge" and expect that charge to be investigated.  *Craig v. D.C.*, 74 F. Supp. 3d 349, 365 (D.D.C. 2014), *citing Youssef v. Holder,* 881 F.Supp.2d 93, 102 (D.D.C. 2012) (explaining that a "sweeping and non-specific statement" to the effect that the complainant's employer maintained a hostile work environment was so vague and ambiguous as to constitute a failure to exhaust administrative remedies).

34.     The omission of factual information as to when, how, why and who was involved in the alleged discrimination is not insignificant.  "Although the EEOC's investigatory powers are extremely broad, *see Motorola, Inc. v. McLain*, 484 F.2d 1339 (7th Cir. 1973), *cert. denied*, 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 287 (1974), it is entitled to have access only to evidence that is relevant and material to the charge being investigated."  *E.E.O.C. v. Dean Witter Co.*, 643 F.2d 1334, 1337–38 (9th Cir. 1980), *citing Pacific Maritime Association v. Quinn*, 491 F.2d 1294 (9th Cir. 1974); 42 U.S.C. §§ 2000e-8(a) & 9.

35.    Just as the EEOC may not simply issue a vague letter of determination as a predicate to meaningful conciliation, it cannot issue a vague charge of discrimination as a predicate to a meaningful investigation and to secure voluntary compliance.  *See E.E.O.C. v. CRST Van Expedited, Inc.*, 2009 WL 2524402, at *18 (N.D. Iowa Aug. 13, 2009).

36.    "It is, after all, **the EEOC's duty** to put Defendants on notice of the scope of the charges against them in order to give every incentive and allowance for settlement of the claims prior to filing the suit in court."  *E.E.O.C. v. CRST Van Expedited, Inc.*, 2009 WL 2524402, at *18 (N.D. Iowa Aug. 13, 2009), *quoting E.E.O.C. v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1267 (D. Colo. 2007) (emphasis in original); *see also E.E.O.C. v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1260 (11th Cir. 2003) ("[A]t a minimum, [the EEOC must] make clear to the employer the basis for the EEOC's charges against it.  Otherwise, it cannot be said that the [EEOC] has provided a meaningful conciliation opportunity." (Citation omitted.)).

37.    The undersigned counsel unsuccessfully implored the EEOC to give the School District more information about the allegations of discrimination giving rise to the Charge so it could defend itself, but the EEOC refused. *See* Exhibit 2 and Exhibit 3.

38.    "The requirements of due process, of course, apply to administrative proceedings." *Bieber v. Dep't of Army*, 287 F.3d 1358, 1361 (Fed. Cir. 2002), and it applies to the EEOC.

39.    "We have made clear that 'when Congress directs an agency to establish a procedure, it can be assumed that Congress intends that procedure to be a fair one.'"  *Dia v. Ashcroft*, 353 F.3d 228, 243 (3rd Cir. 2003), *quoting Marincas v. Lewis*, 92 F.3d 195, 203 (3rd Cir. 1996); *see Califano v. Yamasaki*, 442 U.S. 682, 693 (1979) (assuming "a congressional solicitude for fair procedure, absent explicit statutory language to the contrary"); *see also Meachum v. Fano*,

427 U.S. 215, 226 (1976) (explaining that under *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974), minimum due process rights attach to statutory rights).

40.     As such, the EEOC is required, but has failed to provide sufficient procedural due process protections regarding any investigation that the School District violated Title VII.

41.     The only available evidence points to the fact that the School District acted in accordance with law in, at least, the previous 300 days to the Charge of Discrimination as well as since 2020.

42.     This includes the School District's hiring of applicants and in the promotion, demotion and transferring of its employees, and the EEOC offers no specifics facts contrary to this assertion.

43.     The Commissioner's Charge fails to allege any specific employment actions that can be considered suspect or contrary to law or what employment pattern and practice took place, such as through interviews or selection committees, that is being complained of as being discriminatory.

44.     More importantly, the only actual facts available to the Commissioner was that there has not been any successful litigation by which the School District has been found liable for employment discrimination or retaliation in the last 300 days or since 2020 and certainly no action has ever been taken by the EEOC's Regional Office regarding the School District's employment practices.

45.     Yet, without anyone grieving the employment actions of the School District, the Defendants filed a grossly overbroad and conclusory Charge of Discrimination as a final agency action.

46.     The School District has suffered and will continue to suffer a "legal wrong" by the EEOC or has been "adversely affected or aggrieved" by agency action even if it is not a final action.  *See* 5 U.S.C. § 702.

47.     In addition, the School District is aggrieved by an agency action for which there is no other adequate remedy outside of this court.  *See* 5 U.S.C. § 704.

48.     The inaction and misapplication of law by the EEOC is arbitrary, capricious, and exceeds EEOC's statutory authority.  *See* 5 U.S.C. § 706(c)(2).

49.     In order to protect both employers' and workers' privacy, Congress imposed strict confidentiality requirements on those charges and investigations, as well as on efforts to obtain voluntary compliance.  *See* 42 U.S.C. §§ 2000e-5(b), 2000e-8(e).

50.     The only data collection report that the Commission has created for private employers under Section 709(c) is the EEO-1 Employer Information Report, which applies to private employers with more than 100 employees. 29 C.F.R. § 1602.07. https://www.eeoc.gov/sites/default/files/migrated_files/employers/eeo1survey/eeo1-2-2.pdf, [https://perma.cc/X4B3-WQ3K].  That report includes aggregated data by race and ethnicity for male and female employees under various occupational categories. It does not include personally identifiable information of employees. *Equal Employment Opportunity – Employer Information Report EEO-1*, U.S. Equal Emp. Opportunity Comm'n (2008).

51.     Section 709 provides that any information that the Commission obtains through a charge investigation or data collection report process is subject to a strict prohibition on disclosure, accompanied by criminal penalties of up to $1,000 and a year in prison.  42 U.S.C. § 2000e-8(e). Similarly, the statute provides that "[c]harges shall not be made public by the Commission" and

that "[a]ny person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both."  42 U.S.C. § 2000e-5(b).

52.    If the EEOC's investigation is allowed to proceed, sensitive personal information of employees and applicants may be disclosed to the government despite the government's complete lack of authority to obtain it.  Each of these individuals and entities will be irreparably harmed.

53.    This personal information includes sensitive, private details in which employees and applicants have a reasonable expectation of privacy.  An individual's sex, race, contact information, academic performance, compensation, and reasons for hiring, discipline or separating from a job are private matters.  It is reasonable to expect that an employer will keep such information confidential unless required by law to provide it.

54.    Once an individual's personal information has been compromised, the bell of disclosure cannot be unrung.  The expectation of privacy would be irretrievably lost.

55.    In light of the EEOC's demands, the School District now has significant concerns that its data will be disclosed, and that the government may use the data improperly to target the School District, its employees or their family members for any activity or speech it wishes to stifle.

56.    The federal government itself recognizes that much of this information constitutes sensitive or confidential personally identifiable information.  The EEOC in its own instructions to employers responding to formal charge investigations identifies "personal phone numbers" and "personal email addresses" as confidential information that should be segregated to minimize unnecessary disclosure.  *Questions and Answers for Respondents on EEOC's Position Statement Procedures*, U.S. Equal Emp. Opportunity Comm'n, https://www.eeoc.gov/employers/questions-

and-answers-respondents-eeocs-position-statement-procedures    [https://perma.cc/5XKE-8R2F]
(last visited Apr. 14, 2025).

57.    The National Archives and Records Administration, which oversees agencies'
management of unclassified information, has recognized that "[e]thnic or religious affiliation" is
sensitive personally identifiable information, whose "disclos[ure] without authorization could
result in substantial harm, embarrassment, inconvenience, or unfairness to an individual." National
Archives and Records Administration, *CUI Category: Personally Identifiable Information*,
National Archives and Records Administration, https://www.archives.gov/cui/registry/category-
detail/sensitive-personally-identifiable-info (last visited Apr. 14, 2025). It likewise recognizes that
information about employees' performance or contact information may be similarly sensitive. *Id.*

58.    The personally identifiable information the EEOC has demanded vastly exceeds
what it collects through investigations of a valid charge that is limited in time and scope.  For
example, the data collection reports that the EEOC undertakes pursuant to 42 U.S.C. § 2000e-8(c)
require employers to provide data about sex, race, and ethnicity aggregated by job categories.  They
do not require employers to provide any data about individuals.

## CAUSES OF ACTION

### COUNT I
#### DECLARATORY JUDGMENT

59.    The School District re-alleges and incorporates by reference the foregoing
Paragraphs 1 through 58 as if fully set forth herein.

60.    An actual and substantial controversy exists between the School District and
Defendants about whether Title VII of the Civil Rights Act of 1964 permits Defendants to
undertake investigations without notice to the employer, supplanting the jurisdiction of the state

agency with federal jurisdiction and when no employee or applicant has sought redress of any employment action by the School District in the last 300 days, depriving the EEOC of jurisdiction.

61.     This action is presently justiciable because Defendants have asserted that Title VII permits the Commission, as a matter of law, to investigate a self-generated Charge of Discrimination without regard to its regulations or limited authority to investigate beyond the specifics of the Charge of Discrimination that is overly broad and vague.

62.     The EEOC has a duty to vindicate the important public rights secured to all citizens under Title VII; it may not, however, do so in a manner which rides roughshod over the rights of employers and notions of fairness and due process as well.

63.     The EEOC does not have the authority to seek and obtain confidential and private information of employees and applicants unrelated to a specific, legal and well defined charge of discrimination.

64.     The Defendants are not permitted to violate the Constitution or statutory provisions of Federal law.

65.     The Defendants are required to comply with the provisions of the Administrative Procedures Act in taking any and all agency actions.

66.     Declaratory relief will clarify the rights and obligations of the parties and, therefore, pursuant to 28 U.S.C. § 2201, is appropriate to resolve this controversy.

### COUNT II
### FIFTH AMENDMENT – DUE PROCESS VIOLATION AND VOID FOR VAGUENESS

67.     The School District re-alleges and incorporates by reference the foregoing Paragraphs 1 through 66 as if fully set forth herein.

68.     The Fifth Amendment prohibits vagueness as "an essential of due process, required by both ordinary notions of fair play and settled rules of law." *Sessions v. Dimaya*, 584 U.S. 148,

155 (2018) (internal quotations and citation omitted). The prohibition on vagueness guarantees that ordinary people have fair notice of the conduct proscribed, and guards against arbitrary and discriminatory enforcement. *Id.*

69.    A regulation or agency directive is "void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). This principle applies to administrative, civil, and criminal prohibitions. *See FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253–54 (2012) (civil fines); *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1048–51 (1991) (state bar rule). And where First Amendment rights are at stake, "[t]he general test of vagueness applies with particular force." *Hynes v. Mayor of Oradell*, 425 U.S. 610, 620 (1976). A regulation or agency directive is impermissibly vague if it either "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000).

70.    The Charge of Discrimination is impermissibly vague and violates the Fifth Amendment due process rights of the School District and its employees and applicants. All of its allegations are unclear and undefined, overly broad in scope, and turn on the subjective judgement of some individual at the EEOC.

71.    As described above, the Charge of Discrimination fails to provide adequate notice about how and when the School District took any action prohibited by federal law.

72.    The Charge of Discrimination is vague, and the School District and its employees cannot effectively alter their practices to conform with the law or address any alleged violations of law and, as such, are left open to arbitrary and discriminatory enforcement by the EEOC.

73.     As a result of Defendants' unlawful conduct, the School District has suffered and will continue to suffer irreparable harm.

### COUNT III
### ACTS OF THE DEFENDANTS ARE *ULTRA-VIRES*
### CONDUCT OUTSIDE THE SCOPE OF STATUTORY AUTHORITY

74.     The School District re-alleges and incorporates by reference the foregoing Paragraphs 1 through 73 as if fully set forth herein.

75.     The EEOC, through its officials, may exercise only the authority conferred by statute and regulations.

76.     The EEOC cannot act outside a quorum of the Commission.

77.     Defendants do not have authority to supplant the jurisdiction of the State, violate the privacy interests of employers or their employees and applicants and self-generate an overly broad and vague charge of discrimination and investigate employers beyond the 300 days of the charge, and, as such, all actions by the EEOC, thus far, are contrary to law and outside of Defendants' authority and outside a quorum of the Commission.

78.     Defendants' actions have caused and are causing substantial injury, including irreparable harm.

79.     Pursuant to 28 U.S.C. § 2201, the School District is entitled to a declaration that Defendants' actions are *ultra vires* and therefore unlawful.

80.     The School District is also entitled to a permanent injunction preventing Defendants from implementing, maintaining, or reinstating any charge of discrimination outside of jurisdiction.

## COUNT IV

### ADMINISTRATIVE PROCEDURE ACT – VIOLATION OF 5 U.S.C. § 706(2)(A)
### AGENCY ACTION IS ARBITRARY AND CAPRICIOUS AND ABUSE OF DISCRETION

81.    The School District re-alleges and incorporates by reference the foregoing Paragraphs 1 through 80, as if fully set forth herein.

82.    The APA requires that this court "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, [or] an abuse of discretion."  5 U.S.C. § 706(2)(A).

83.    An agency action is arbitrary and capricious if the agency has "relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983).  That "reasoned explanation requirement of administrative law . . . is meant to ensure that agencies offer genuine justifications for important decisions, reasons that can be scrutinized by courts and the interested public."  *Dep't of Commerce* v. *New York*, 588 U.S. 752, 785 (2019).

84.    Defendants' actions constitute a final agency action under the APA.  The Charge of Discrimination forms the basis of the Defendants' actions and Defendants use the Charge of Discrimination to justify their actions pursuant Title VII.

85.    Regulations governing the process for conducting investigations of employers prohibit Defendants from engaging in arbitrary and capricious investigations and data requests.

86.     Defendants' action are arbitrary and capricious because Defendants used the fiction of the Charge of Discrimination to undertake actions for an undisclosed purpose that is not congressionally authorized.

87.     Defendants' action are arbitrary and capricious because the Defendants did not provide a transparent and reasonable explanation for initiating an investigation. The Charge of Discrimination lists no specific reasons for the Defendants to use as the basis for investigating the School District.

88.     Defendants' actions are arbitrary and capricious because Defendants failed to take into consideration the privacy interests of the School District, who has taken steps in reliance upon limitations on federal authority to obtain personal data on individuals.

89.     Defendants' actions are arbitrary and capricious to the extent that the Defendants are relying on EEOC priorities that are contrary to the priorities the EEOC established through required notice-and-comment rulemaking via publication in the Federal Register.

90.     To the extent the Defendants are relying on a new interpretation of existing anti-discrimination laws in order to conduct an investigation, the EEOC fails to provide "good reasons for"—any official change in agency policy or "priorities." *FCC v. Fox Television Stations, Inc*., 556 U.S. 502, 515 (2009).

91.     The School District is harmed by the investigation by the EEOC.

92.     The School District is entitled to an order enjoining the Defendants' final agency actions pursuant to 5 U.S.C. § 706, all appropriate preliminary relief under 5 U.S.C. § 705, declaratory relief under 28 U.S.C. § 2201 and 5 U.S.C. § 706 including a finding that Defendants' actions were arbitrary and capricious and/or an abuse of discretion in violation of the APA, as well

as a permanent injunction preventing Defendants from implementing, maintaining, or reinstating a charge of discrimination against the School District.

## COUNT V
### ADMINISTRATIVE PROCEDURE ACT – VIOLATION OF 5 U.S.C. § 706(2)(A) AGENCY ACTION IN ACCORDANCE WITH LAW

93.    The School District re-alleges and incorporates by reference the foregoing Paragraphs 1 through 92 as if fully set forth herein.

94.    The EEOC is included in the definition of "agency" under the APA, 5 U.S.C. § 551(1), and Defendants' Charge of Discrimination is a final agency action subject to the APA.

95.    The APA requires that a court "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law." 5 U.S.C. § 706(2)(A).

96.    When a federal agency has promulgated "[r]egulations with the force and effect of law," those regulations "supplement the bare bones" of federal statutes. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265, 268 (1954). "An agency has the duty to follow its own federal regulations," and "[f]ailure to follow applicable regulations can lead to reversal of an agency order." *Nelson v. Immig. and Naturalization Serv.*, 232 F.3d 258, 262 (1st Cir. 2000).

97.    An agency's action may be set aside pursuant to the APA if the action violates the agency's own procedures, particularly if that error prejudices the interest of a person before the agency. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545–47 (6th Cir. 2004).

98.    Defendants' Charge of Discrimination is not in accordance with the applicable law because Defendants are not authorized by the federal statutes and regulations to investigate the School District without cause. Nor are Defendants authorized to foreclose congressionally mandated limits on authority to investigate employers.

99.    Accordingly, to the extent the law limits and dictates the authority of the EEOC, the Defendants lacked the authority to carry out any investigation that violated Title VII and their own regulations.

100.    The School District as an employer is prejudiced by this final agency action.

101.    The School District is entitled to an order barring the EEOC's final agency action pursuant to 5 U.S.C. § 706, all appropriate preliminary relief under 5 U.S.C. § 705, declaratory relief under 28 U.S.C. § 2201 and 5 U.S.C. § 706, in that Defendants acted contrary to law in conducting an unwarranted investigation in violation of the APA, and a permanent injunction preventing Defendants from implementing, maintaining, or reinstating a charge of discrimination against the School District.

WHEREFORE, Plaintiff prays that this Court:

A.    Declare Defendants' Charge of Discrimination unlawful;

B.    Declare that the Charge of Discrimination violates the Fifth Amendment to the United States Constitution;

C.    Declare that the Charge of Discrimination, the production demands and the subpoenas for testimony are arbitrary, capricious, an abuse of discretion, not in accordance with law, contrary to a constitutional right, in excess of statutory jurisdiction, and without observance of procedure required by law within the meaning of 5 U.S.C. § 706(2);

D.    Hold unlawful, vacate, and set aside the Charge of Discrimination;

E.    Preliminarily and permanently restrain or enjoin Defendants and their agents, employees, representatives, successors, and any other person acting directly or

indirectly in concert with them, from enforcing and/or implementing and investigating a charge of discrimination against the School District;

F.      Enter a preliminary injunction and temporary restraining order (a) enjoining Defendants' investigating the Charge of Discrimination; (b) ordering all subpoenas be vacated and quashed; (c) ordering Defendants to cease all investigative actions of the School District and its employees; (d) enjoining Defendants' from filing any future charge of discrimination that would be inconsistent with the Court's order; and (e) holding void all actions of the EEOC taken outside a quorum of the Commission;

G.      Issue a permanent injunction providing the same relief;

H.      Award attorney's fees, costs, and expenses in accordance with law, including the Equal Access to Justice Act, 28 U.S.C. § 2412; and

I.      Grant such other relief as this Court may deem just and proper.

Respectfully submitted,

HIMES, PETRARCA AND FESTER, CHTD.

By:    _/s/ Andrew M. Sanchez_
         ANDREW M. SANCHEZ
         5051 Journal Center Blvd. NE, Suite 320
         Albuquerque, New Mexico  87109
         (505) 259-2069
         asanchez@edlawyer.com

         **ATTORNEYS FOR THE BOARD OF EDUCATION FOR THE GALLUP-MCKINLEY COUNTY SCHOOLS**

**VERIFICATION AND ACKNOWLEDGEMENT**

STATE OF NEW MEXICO    )
                       ) ss.
COUNTY OF MCKINLEY     )

I, Mike Hyatt, being first duly sworn upon my oath, depose and state that I am the Superintendent for the Gallup-McKinley County Schools in the above-entitled cause; that I have read the *VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF*; know the contents thereof, and that the matters and things therein set forth are true to my own knowledge, save where the same are or must of necessity be set forth upon information and belief, and as to those statements I believe the same to be true.

_____

MIKE HYATT, Superintendent of Schools for the
Gallup-McKinley County Schools and agent and
representative of the Board of Education for Gallup-
McKinley County Schools

On August 6th, 2025, before me personally appeared Mike Hyatt, personally known to me OR proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person or the entity upon behalf of which the person acted executed the instrument.

Witness my hand and official seal.

**STATE OF NEW MEXICO**
**JENNIFER LEE**
**NOTARY PUBLIC**
Commission #: **1071614**
Expiration Date: **11/24/2025**

_____
Signature of Notary Public

_____
Printed Name of Notary Public

My Commission Expires:
_____
11/24/2025

SEAL