IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BOARD OF EDUCATION FOR THE
GALLUP-MCKINLEY COUNTY PUBLIC SCHOOLS,

Plaintiff,

v. No. 1:25-cv-00762-KG-JFR

ANDREA R. LUCAS, in her official capacity
as Acting Chair of the U.S. Equal Employment
Opportunity Commission and U.S. EQUAL
EMPLOYMENT OPPORTUNITY COMMISSION,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Andrea Lucas and the U.S. Equal Employment Opportunity Commission's ("EEOC") Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. 16, Plaintiff Board of Education for the Gallup McKinley County Public Schools' Response, Doc. 19, and Defendants' Reply, Doc. 21. For the reasons below, the motion is granted and Plaintiff's Complaint, Doc. 1, is dismissed without prejudice.

***I. Background***

On August 21, 2024, Defendant Lucas, then a member of the EEOC[1], issued a Commissioner's Charge against Plaintiff alleging that it has "engaged in a pattern or practice of race discrimination against Native American employees and applicants" in violation of Title VII of the Civil Rights Act of 1964. Doc. 1-1. The charge stated that Plaintiff violated Title VII by "[f]ailing to interview, hire, or promote; classifying; or otherwise discriminating against prospective employees and/or current employees for the positions of Classroom Teacher, Administrator, or Principal based on their race (Native American)." *Id.*

[1] Lucas is now Chair of the EEOC.

During its investigation, the EEOC requested to interview Plaintiff's Personnel Director, Ashley Ryan, and its Superintendent, Michael Hyatt. Doc. 16 at 5. The EEOC also requested that Plaintiff produce "relevant data…on all employees who were hired at all locations, and for individuals who applied to all locations, during the period of the 2019/2020 school cycle to present." Doc. 1-5 at 1. Plaintiff declined to cooperate with the requests, prompting the EEOC to issue two administrative subpoenas for the depositions of Ryan and Hyatt. Doc. 1-4. The EEOC later issued a third administrative subpoena for the applicant and employee data. *See EEOC v. Gallup McKinley Cnty. Schs.*, No. 26-mc-019 (D.N.M. filed April 27, 2026).

On August 8, 2025, Plaintiff filed this action seeking declaratory and injunctive relief against Defendants. Doc. 1. Plaintiff argues that Defendants' ongoing investigation of alleged unlawful employment practices violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and the Fifth Amendment's Due Process Clause. Doc. 1 at 2. Plaintiff asks that the Court declare the Commissioner's Charge and any subpoenas issued in furtherance of the EEOC's investigation invalid and enjoin Defendants from further investigation. *Id.* at 21; *see* Docs. 1-1, 1-4. Defendants move to dismiss Plaintiff's complaint under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. 16. Plaintiff opposes the motion. Doc. 19.

## *II. Legal Standard*

"Rule 12(b)(1) provides for challenges to the court's subject-matter jurisdiction, while Rule 12(b)(6) provides for motions to dismiss the complaint for failure to state a claim upon which relief can be granted." *Davis ex rel. Davis v. U.S.*, 343 F.3d 1282, 1294 (10th Cir. 2003) (internal quotation marks and citation omitted). "The primary difference between a 12(b)(6) and 12(b)(1) standard is that, under a 12(b)(1) standard, the Court may consider evidence outside the pleadings, while under a 12(b)(6) standard, the Court is limited to the pleadings." *Swepi v. Mora County, N.M.*, 81 F. Supp. 3d 1075, 1147 (D.N.M. 2015). "[O]n a Rule 12(b)(1) motion, the party who

invokes the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas the movant bears the burden of proof on a motion to dismiss under Rule 12(b)(6)." *Pearl River Union Free Sch. Dist. V. Duncan*, 56 F. Supp. 3d 339, 351 (S.D.N.Y. 2014) (alteration, internal quotation marks, and citation omitted).

Under both standards, the reviewing court "must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor." *Hernandez v. Grisham*, 499 F. Supp. 3d 1103, 1044–45 (D.N.M. 2020). A district court "should ordinarily decide the 12(b)(1) motion first." *Ne. Erectors Ass'n of BTEA v. Sec'y of Labor, Occupational Safety & Health Admin.*, 62 F.3d 37, 39 (1st Cir. 1995); *see Franklin Sav. Corp., In re*, 385 F.3d 1279, 1286 (10th Cir. 2004) ("Jurisdictional issues must be addressed first and, if they are resolved against jurisdiction, the case is at an end.").

## *III. Analysis*

The Court concludes that Plaintiff failed to: (A) show that the Commissioner's Charge constitutes a reviewable final agency action under the APA; (B) exhaust its administrative remedies before seeking review of its constitutional claims; and (C) adequately demonstrate the existence of an actual controversy for which declaratory relief may be granted.

### *A. Plaintiff's claims, Counts III, IV and V, are not ripe for review.*

First, the issuance of a commissioner's charge by the EEOC does not constitute a final, reviewable agency action under the APA, and the Court declines to apply an exception to the final agency action requirement. The APA permits judicial review of "final agency action for which there is no other adequate remedy in a court." *Kansas ex rel. Schmidt v. Zinke*, 861 F.3d 1024, 1028 (10th Cir. 2017) (quoting 5 U.S.C. § 701(a)(1)). To determine if an agency action is final, (1) "the action must mark the consummation of the agency's decisionmaking process," and (2) "the action

must be one by which rights or obligations have been determined, or from which legal consequences will flow." *U.S. Army Corps of Eng'rs v. Hawkes*, 578 U.S. 590, 597 (2016) (internal quotation marks and citation omitted).

The Commissioner's Charge against Plaintiff does not "mark the consummation of the agency's decisionmaking process," but is the initial step in the EEOC's investigative process. *See* 42 U.S.C. § 2000e-5(b); *see also E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 62 (1984) (noting that process for initiating investigation with EEOC "begins with the filing of a charge"). The charge is comparable to the document request letter at issue in *Mobil Expl. & Producing*. 180 F.3d at 1195. There, the Tenth Circuit held that an agency letter requesting the production and preservation of documents was not a reviewable final agency action because it "constituted no more than a threshold determination that further inquiry in the form of an audit was warranted." *Id.* at 1199 (alteration, internal quotation marks, and citation omitted). Like the letter in *Mobil Expl. & Producing*, the Commissioner's Charge here is merely proof of the agency's intent to begin its investigation. Such initial procedures do not constitute a final action under the APA. *See Colo. Farm Bureau Fed'n v. U.S. Forest Serv.*, 220 F.3d 1171, 1174 (10th Cir. 2000) ("An agency's intent to take action if requested does not constitute final agency action."). The agency action is not final based on the first prong of the *Hawkins* test, therefore the Court declines to reach *Hawkins*' second prong. *See Mobil Expl. & Producing U.S. v. Dep't of Interior*, 180 F.3d 1192, 1199 (10th Cir. 1999) (concluding that agency action was not final because it failed to satisfy finality test's first prong, without considering whether it satisfied second).

The Court further declines to apply an exception to the final agency action requirement. *See* Doc. 19 at 14–15, 17–18. A district court may exercise jurisdiction over a non-final agency action where the agency "acted in excess of its delegated powers and contrary to a specific prohibition" of its enabling act. *Mobil Exp'l & Producing*, 180 F.3d at 1202 (internal quotation marks and citation

omitted). This exception is "very limited" in scope and may only be invoked "in exceptional circumstances." *Id.* Plaintiff contends that Defendant Lucas's acts of (1)"instigating a Commissioner's Charge without a complaint from any individual," and (2) filing a charge "without a quorum of the EEOC," are contrary to clear statutory mandates. Doc. 19 at 13–15. In invoking the *ultra vires* exception, Plaintiff attempts to bypass the subpoena enforcement proceeding which would allow it to contest the validity of the commissioner's charge and the scope of an administrative subpoena. The Court is not persuaded that any exceptional circumstances exist here because, by participating in the subpoena enforcement action, Plaintiff has an adequate legal remedy to challenge the EEOC's investigation. *See Mobil Exp'l & Producing*, 180 F.3d at 1203 ("An attack on the authority of an agency to conduct an investigation does not obviate the final agency action requirement."). Therefore, the Court declines to exercise jurisdiction over Plaintiff's APA claims. Given the absence of a final, reviewable agency action, Counts Three, Four, and Five are dismissed without prejudice.

***B. Plaintiff's Fifth Amendment claims, Count II, are not ripe for review.***

Next, Count Two is also not ripe for review. The Court declines to review Plaintiff's constitutional claims because it has yet to exhaust its administrative remedies. The APA contains a general waiver of sovereign immunity in all civil actions brought against the United States, under the APA or otherwise, where the plaintiff is not seeking monetary damages. *United Tribe of Shawnee Indians v. United States*, 253 F.3d 543, 549 (10th Cir. 2001). For non-APA causes of action, the waiver applies regardless of whether there is a final agency action. *New Mexico v. McAleenan*, 450 F. Supp. 3d 1130, 1195 (D.N.M. 2020); *see also Z Street, Inc. v. Koskinen*, 44 F. Supp. 3d 48, 65 (D.D.C. 2014) (noting that "the APA is not, in itself, a jurisdiction-conferring statute" and "the statutory prerequisites to bringing an APA-claim—such as final agency action—have no jurisdictional impact" on non-APA causes of action). Here, Plaintiff seeks equitable relief

in the form of an injunction. Doc. 1 at 20–21. As a threshold matter, Plaintiff may rely on the APA's sovereign immunity waiver as a basis for jurisdiction over its non-APA claims.

However, "in cases not governed by the APA, the doctrine of exhaustion applies as a matter of judicial discretion." *United Tribe of Shawnee Indians*, 253 F.3d. at 550. "[T]he exhaustion doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Kansas by and through Kansas Dep't for Child. & Fam. v. SourceAmerica*, 874 F.3d 1226, 1246 (10th Cir. 2017) (internal quotation marks and citation omitted). When an employer refuses to comply with a subpoena, the employer may petition the EEOC to revoke or modify the scope of the subpoena. 29 C.F.R. § 1601.16(b). Here, Plaintiff did not petition to revoke or modify the subpoenas. As such, Plaintiff has not exhausted its administrative remedies.

The Court declines to excuse Plaintiff's failure to exhaust. Courts may excuse a failure to exhaust where "(1) the plaintiff asserts a colorable constitutional claim that is collateral to the substantive issues of the administrative proceedings, (2) exhaustion would result in irreparable harm, and (3) exhaustion would be futile." *SourceAmerica*, 874 F.3d. at 1250. Plaintiff argues that exhaustion is futile because the issues raised in this action cannot be addressed in the subpoena enforcement action, leaving Plaintiff without an adequate remedy. Doc. 19 at 17. The Court disagrees. The purpose of the subpoena enforcement action is for the district court to "satisfy itself that the charge is valid and that the material requested is 'relevant' to the charge." *McLane Co. v. E.E.O.C.*, 581 U.S. 72, 76 (2017). Although the Court may not "test the strength of the underlying complaint" in the enforcement proceeding, it can ensure the charge complies with the requisite statutory requirements. *McLane*, 581 U.S. at 76; *see also Shell Oil*, 466 U.S. at 65 (determining whether EEOC's charge "meets the [statutory] requirements...is a jurisdictional prerequisite to judicial enforcement of a subpoena issued by the EEOC"). Stated plainly, Plaintiff's claim that the

charge was issued contrary to the EEOC's statutory mandates, or that the charge is impermissibly vague in violation of its due process rights, may be raised in the enforcement proceeding as a defense to the enforcement of the administrative subpoena. *Mobil Exp'l & Producing*, 180 F.3d at 1199.

Given that the issues raised may be decided in a subpoena enforcement proceeding brought by the agency, the Court is persuaded that requiring Plaintiff to exhaust its administrative remedies is appropriate.[2] *See Belle Fourche Pipeline Co. v. U.S.*, 751 F.2d 332, 334 (10th Cir. 1984) (stating that "when the object of an agency subpoena seeks injunctive relief," the proper vehicle to obtain judicial review is "challenging the validity of the subpoena in a subsequent enforcement action"); *see also SourceAmerica*, 874 F.3d at 1247 (noting that exhaustion requirement "prevents premature interference with agency processes;" providing agency "an opportunity to correct its own errors," and ability "to compile a record which is adequate for judicial review"). Consequently, Count Two is also dismissed without prejudice.

### *C. Plaintiff's declaratory judgment claim, Count I, is dismissed for lack of an actual controversy.*

Finally, Count One is dismissed for lack of an actual controversy. The Declaratory Judgment Act requires an "actual controversy" before a district court can assume jurisdiction. 28 U.S.C. § 2201(a). An actual controversy exists "when the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Travelers Cas. Ins. Co. of America v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1314 (10th Cir.

[2]After Plaintiff initiated this action, the EEOC filed two separate applications with the Court to enforce the administrative subpoenas it issued during its investigation. These actions remain pending before the Court. *See EEOC v. Gallup-McKinley Cnty. Schs.*, No. 1:25-mc-025 (D.N.M. filed Aug. 21, 2025), *EEOC v. Gallup McKinley Cnty. Schs.*, No. 26-mc-019 (D.N.M. filed April 27, 2026).

2024). Plaintiff's claims have been dismissed. As a result, there is no longer a dispute between the parties that a declaratory judgment would resolve. Thus, Count One is also dismissed without prejudice.

### *IV. Conclusion*

For the reasons above, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Doc. 16, is granted. Plaintiff's Complaint, Doc. 1, is dismissed without prejudice. The Court will issue a decision on the EEOC's Applications for an Order to Show Cause Why Administrative Subpoenas Should Not be Enforced, *EEOC v. Gallup McKinley Cnty. Schs.*, No. 26-mc-019, Docs. 1, 3, (D.N.M. filed April 27, 2026), and *EEOC v. Gallup-McKinley Cnty. Schs.*, No. 1:25-mc-025, Docs. 1, 3 (D.N.M. filed Aug. 21, 2025), in a forthcoming order.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.